# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| H. ROBIN SAMUELSEN, JR., RUSSELL S. NELSON, VICKI OTTE, and MARTIN B. MOORE, SR., <br><br> Plaintiffs, <br> v. <br><br> MEAD TREADWELL, in his official capacity as Lieutenant Governor for the State of Alaska; and GAIL FENUMIAI, in her official capacity as Director of the Division of Elections for the State of Alaska, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 3:12-cv-00118-SLG |

## ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

The plaintiffs initiated this action on June 7, 2012, seeking declaratory and injunctive relief to enforce Section 5 of the federal Voting Rights Act, which requires that certain voting changes be precleared by the Department of Justice.[1] Specifically, the plaintiffs seek to enjoin the implementation of the Amended Proclamation Plan that establishes new legislative districts in the State of Alaska for the upcoming elections.

On May 22, 2012, the Alaska Supreme Court issued an order directing that the Amended Proclamation Plan be used as the "Interim Plan" for the upcoming 2012 election cycle.[2] On May 25, 2012, the Alaska Redistricting Board submitted the Amended Proclamation Plan to the Department of Justice ("DOJ") for Section 5

---

[1] Docket 1; 42 U.S.C. § 1973c. Preclearance by the Department of Justice is an alternative to seeking a declaratory judgment approving the plan from the United States District Court for the District of Columbia. 42 U.S.C. §1973c(a).

[2] Ex. G to Opp. (Docket 11-7).

preclearance.[3] The DOJ has up to 60 days thereafter within which to approve or disapprove the plan. On June 1, 2012, the candidacy filing period closed.[4] The primary election is currently scheduled for August 28, 2012.[5]

On the same day that the Complaint in this action was filed, June 7, 2012, the plaintiffs filed a Motion for Temporary Restraining Order ("TRO"),[6] a Motion for Preliminary Injunction,[7] and a Motion to Convene Three-Judge District Court pursuant to 42 U.S.C. § 1973c(a) and 28 U.S.C. § 2284.[8] The defendants agreed that the applicable law directs the appointment of a three-judge court, and thus filed a joinder in the Motion to Convene.[9] This court granted that motion on June 11, 2012, and has requested that the Chief Circuit Judge appoint a three-judge panel for this case.[10]

Until the three-judge panel is appointed, this court sits as a single-judge court, with the limited authority prescribed by 28 U.S.C. § 2284(b)(3):

> A single judge may conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure except as provided in this subsection. [Sh]e may grant a temporary restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted, which order, unless previously revoked by the district judge, shall

---

[3] Opp. at 4 (Docket 11).

[4] See Fenumiai Letter of Apr. 26, 2012, Ex. D. to Opp. (Docket 11-4).

[5] Id.

[6] Docket 5.

[7] Docket 4.

[8] Docket 6.

[9] Docket 9.

[10] Order Granting Motion to Convene Three-Judge Court (Docket 13).

3:12-cv-00118-SLG, *Samuelsen et al. v. Treadwell et al.*
Order Denying Plaintiffs' Motion for TRO
Page 2 of 9

> remain in force only until the hearing and determination by the district court of three judges of an application for a preliminary injunction. A single judge shall not appoint a master, or order a reference, or hear and determine any application for a preliminary or permanent injunction or motion to vacate such an injunction, or enter judgment on the merits. Any action of a single judge may be reviewed by the full court at any time before final judgment.

Thus, this single-judge court has authority to consider the plaintiffs' pending Motion for Temporary Restraining Order (TRO), and to enter a TRO if necessary to prevent "specified irreparable damage" until the three-judge court convenes to determine the plaintiffs' Motion for Preliminary Injunction. The Motion for a Temporary Restraining Order was fully briefed as of June 13, 2012. Oral argument was held before this court on June 14, 2012.

The parties agree that the Amended Proclamation Plan at issue in this case is within the scope of Section 5 of the Voting Rights Act ("VRA") and subject to its preclearance requirements.[11] And they agree that the plan has not received preclearance as of this time. Their present dispute is whether and to what extent this single-judge court should temporarily enjoin the Division of Elections from using the Amended Proclamation Plan for any action antecedent to an election until the Motion for Preliminary Injunction is determined by the three-judge panel.

### *What is the applicable standard for issuance of a Section 5 TRO?*

The parties dispute the applicable legal standard for obtaining a temporary restraining order under U.S.C. § 2284(b)(3). The plaintiffs argue that any violation of

---

[11] *See* Opp. at 3 (Docket 11); Reply at 2 (Docket 17).

Section 5 of the VRA "is presumed to be an irreparable injury."[12] Thus, the plaintiffs assert that once they "establish that there is a violation of Section 5, the irreparable injury requirement is met."[13] The defendants maintain that a "specific demonstration of irreparable injury by the party seeking relief is … an essential prerequisite"[14] to obtaining a Section 5 TRO.

While there is considerable case law with respect to the standard for the issuance of a preliminary injunction by a three-judge panel when a Section 5 preclearance violation has been alleged,[15] that issue is not before this court at this time. Rather, the current issue is the plaintiffs' request for a single judge to issue a short term temporary restraining order. As both the parties and the court noted at oral argument, the case law on this topic is minimal. Nonetheless, this court finds that the plain language of the applicable statute clearly delineates the standard for a party seeking a TRO from a single-judge court in a VRA proceeding. The statute specifically requires that a single judge "may grant a temporary restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted."[16] Based on this language, this court rejects the plaintiffs' assertion that any implementation of a plan that has not been precleared automatically entitles a moving party to a TRO from a single-court judge. Instead, a showing of a specific and

---

[12] Reply at 6 (Docket 17).

[13] *Id.*

[14] Opp. at 5 (Docket 11).

[15] *See, e.g., United States v. Louisiana*, 952 F. Supp. 1151, 1159-61 (W.D. La.)

[16] 28 U.S.C. § 2284 (b)(3).

immediate injury must be made before emergency injunctive relief can be ordered by a single judge in a VRA Section 5 challenge. Such injury must be scheduled to occur prior to the three-judge panel convening. This approach is consistent with the statute's goal of providing that absent truly urgent circumstances, a three-judge panel, and not a single judge, is statutorily charged with the responsibility of making determinations in Section 5 VRA proceedings.

The plaintiffs cite extensively to *Puerto Rican Legal Defense and Education Fund* ("*PRLDEF*"), where the Eastern District of New York, sitting as a single-judge court, granted a TRO that enjoined the defendants from commencing a petitioning process for primary qualification based on a redistricting plan that was awaiting preclearance.[17] But the timelines in that case were significantly more compressed than those before this court. In *PRLDEF*, the new district lines had been drawn by June 7, 1991, and circulation of nominating petitions for party primaries was scheduled to begin on June 17, 1991.[18] A single-court judge issued the TRO order on June 12, 1991. Thus, it appears the single-judge court was faced with the impending primary qualification petitioning process prior to the convening of a three-judge court. Here, a comparable event—the candidacy filing deadline—had already passed on June 1, 2012, prior to the institution of this action. And the Affidavit of the Director of the Division of Elections, Gail Fenumiai, that was submitted in support of the defendants' opposition indicates that

---

[17] 769 F. Supp. 74, 75, 79 (E.D.N.Y. 1991). *See also Gresham v. Harris,* 695 F. Supp. 1179 (N.D. Ga. 1988) *vacated and remanded for determination of mootness sub nom. Poole v. Gresham*, 488 U.S. 978 (1988).

[18] *Id.* at 75.

although there are election-related tasks that the Division plans to undertake in the next two weeks, "none of these tasks will directly or indirectly impact voters."[19]

The defendants cite to *Barron v. New York City Board of Elections*, an unpublished case that was also from the Eastern District of New York.[20] There, a single-judge court declined to issue a TRO. The case involved one candidate running unopposed whose name had been left off of certain ballots in an election for a two-month vacancy. The plaintiffs sought to require her name to be printed on the ballots. The court reasoned that although ballot printing was imminent, there would be no irreparable harm if the candidate's name was not printed on all the ballots in those circumstances. Clearly, the facts at issue here are markedly different; the Amended Proclamation Plan has far greater ramifications to the electorate in Alaska. But the *Barron* case nonetheless supports this court's conclusion that the applicable statute requires a showing of specific and immediate irreparable damage before a single-judge court may order temporary injunctive relief in a Section 5 Voting Rights Act case.

For the foregoing reasons, this court finds that 28 U.S.C. § 2284(b)(3) requires that a temporary restraining order must be supported by findings of specified actual and immediate irreparable damage that necessitate action by single judge before a three-judge panel can convene and determine the issues.[21]

---

[19] Aff. of Gail Fenumiai ¶¶ 4, 6 (Docket 12). However, beginning on June 29, 2012, special absentee ballots must be mailed to voters. *See* Fenumiai Letter of Apr. 11, 2012, Ex. C to Opp. (Docket 11-3); AS 15.20.082(a).

[20] Opp. at 6; *Barron*, 08-cv-3839 RJD RER, 2008 WL 4449650 (E.D.N.Y. Oct. 1, 2008).

[21] This court's determination is influenced by federalism concerns that advise caution when intervening in state action. In *Page v. Bartels*, 248 F.3d 175 (3d Cir. 2001), the Third Circuit addressed the appropriateness of granting interim relief "to enjoin and restrain implementation

***Have the plaintiffs met their burden for temporary injunctive relief?***

28 U.S.C. § 2284(b)(3) requires a single-judge court to base a finding of "specified irreparable damage" "on evidence submitted." The statute also provides that a TRO issued by a single-judge court "shall remain in force only until the hearing and determination by the district court of three judges of an application for a preliminary injunction[.]" At oral argument, this court stated that it expects the three-judge court to convene on the Motion for Preliminary Injunction sometime between June 27, 2012 and June 29, 2012.[22] The parties dispute whether the plaintiffs have met their burden of demonstrating, through evidence in the record, that irreparable damage will occur in the approximate next two weeks unless a TRO is issued.

The plaintiffs filed three documents with their motion: a printout of the Division of Elections homepage, a list of candidates who appear to have filed under the un-precleared plan, and a copy of a notice from the Division of Elections stating that it had adopted the un-precleared plan as an emergency regulation.[23] While this documentation demonstrates that the Division is implementing a voting plan that has not been precleared by the Department of Justice, in apparent violation of Section 5 of the

---

or reliance" on the newly-adopted legislative redistricting plan" that was the subject of the plaintiffs' Section 2 claim. *Id.* at 195. After noting its "keen awareness of the significant disruption that action on our part (or on the part of any federal court issuing interim relief) will have on the upcoming New Jersey legislative elections," and citing the Supreme Court's language in *Reynolds v. Sims*, 377 U.S. 533, 585 (1964), the court stated that "[i]f aggressive federal court intervention is not necessarily appropriate following an adjudication of unconstitutionality, then surely it cannot be any more appropriate at this early stage of the proceedings." *Page*, 248 F.3d at 195-96.

[22] Currently, it appears probable that the hearing will be on June 28, 2012. A scheduling order will be issued when a date is confirmed.

[23] Docket 5-1 to 5-3.

VRA, it does not demonstrate that there will be immediate and actual irreparable damage unless the implementation of that plan is immediately enjoined by a single judge before the three-judge panel convenes.

At oral argument, the plaintiffs cited to Ms. Fenumiai's letters to the Redistricting Board in support of their assertion of specific immediate damage.[24] Ms. Fenumiai's affidavit also details the tasks that the Division of Elections expects to conduct in the next two weeks.[25] But as noted above, Ms. Fenumiai's affidavit indicates that as far as she is aware, "none of these tasks will directly or indirectly impact voters in the upcoming two weeks."[26] The plaintiffs have not pointed to any evidence to the contrary in the record before this court.

This court has also considered that the primary election is not scheduled to occur until August 28, 2012. On May 22, 2012 the Alaska Supreme Court ordered the Division to use the "Interim Plan" for the 2012 election cycle, a plan that had not been precleared by DOJ. The plaintiffs did not file this action until June 7, 2012—16 days later and after the June 1, 2012 candidate filing deadline had passed. The approximate two week delay at this time until the three-judge panel convenes is comparable.

Upon consideration of the record as a whole, this court finds that the plaintiffs have not presented evidence sufficient to support a finding that, absent a TRO,

---

[24] Fenumiai Letters of Apr. 11, 2012 and Apr. 26, 2012; Exs. C and D to Opp. (Docket 11-3, 11-4).

[25] Aff. of Gail Fenumiai ¶ 4 (Docket 12 ).

[26] *Id.*

"specified irreparable damage" will occur before the three-judge court is convened.[27] This court expresses no opinion at this time on the merits of the pending Motion for Preliminary Injunction that has been referred to the three-judge panel for determination.

**CONCLUSION**

For the foregoing reasons, the plaintiffs' Motion for a Temporary Restraining Order, which sought an immediate order from a single judge prohibiting the continuing implementation of the Amended Proclamation Plan prior to the determination of the Motion for Preliminary Injunction by the three-judge panel, is DENIED.

DATED at Anchorage, Alaska this 15th day of June, 2012.

/s/ Sharon L. Gleason
United States District Judge

---

[27] This finding is premised on the assumption that the three-judge panel will be able to meet and determine the Motion for Preliminary Injunction long before the scheduled August 28, 2012 election.